United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRINCEWILL MBANWIE FONCHA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01983 |
| | § | |
| MARTIN L. FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On March 17, 2025, Respondents were ordered to notify the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas at least five (5) days before any such transfer. Doc. #4 at 2. On June 24, 2026, the Court granted the Petition for Writ of Habeas Corpus and ordered Respondents to file a status report within seventy-two (72) hours, "informing the Court of the status of Petitioner's release." Doc. #6 at 3. On June 25, 2026, Respondents informed the Court for the first time that Petitioner was removed to Cameroon on May 15, 2026. Doc. #7.

Petitioner's departure from the United States mooted his request for habeas relief. *See Chavez-Gallegos v. Castro*, No. 5:19-CV-00225-OLG, 2020 WL 13556697, at *2 (W.D. Tex. Feb. 7, 2020) ("[A] petitioner's release from custody and subsequent voluntary departure renders a habeas petition moot."). Because Petitioner departed the United States on May 15, 2026, more than a month before the Court issued its June 24th Order, the Court could no longer grant effective habeas relief. *See Anh Nguyen v. Sessions*, No. 4:18-CV-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) ("Nguyen's petition challenges only his continued detention, his release from custody leaves nothing for this Court to remedy."). Therefore, the Court concludes that this action became moot before entry of its June 24th Order and vacatur is appropriate.

As discussed above, Respondents failed to notify the Court of Petitioner's departure as required by the Court's March 17th Order. Effective judicial oversight of habeas proceedings depends upon timely notice of material changes in a petitioner's custody status. *See Nelson v. Clinton*, No. CIV.A. H-10-0058, 2010 WL 5342822, at *4 (S.D. Tex. Dec. 21, 2010) ("The importance of a habeas petitioner's custody status cannot be minimized."). Moreover, Respondents possess near-exclusive access to such information while a petitioner remains in their custody. The Court's March 17th Order was intended to encompass all material custody developments, including Petitioner's departure from the United States. *See* Doc. #6 at 3. Although the Court declines to impose sanctions, Respondents are expected to comply with all future notification orders.

For the foregoing reasons, the Court's Order granting the Petition for Writ of Habeas Corpus (Doc. #6) is VACATED. This action is DISMISSED as MOOT. Respondents are DIRECTED to comply with all future notification and reporting requirements regarding petitioners' departures from the United States. The Court will enter a separate final judgment.

It is so ORDERED.

JUN 26 2026

Date

The Honorable Alfred H. Bennett
United States District Judge